UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

GREGORY WILSON,

                     Plaintiff,

         -v-

NEW YORK CITY DEPARTMENT OF CORRECTIONS, et al.,

                     Defendants.

------------------------------------------------------------------X

11 Civ. 9157 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiff Gregory Wilson brings suit against the New York City Department of Corrections ("DOC") and Lewis Schlosser (collectively, "Defendants"), alleging that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, by failing to hire him for a position at the Department of Corrections. Defendants move to dismiss Wilson's Second Amended Complaint ("SAC"), pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. For the reasons that follow, the Court grants that motion.

I. Background

    A.    **Standards Applicable to Wilson's Second Amended Complaint**

The facts alleged in the SAC are sparse and difficult to understand. However, the Court is mindful that Wilson is proceeding *pro se*. District courts are "obligated to construe *pro se* complaint[s] liberally," *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), interpreting them "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Accordingly, the Court here liberally construes Wilson's SAC, mindful, however, that courts may not read into *pro se* submissions claims inconsistent with the *pro se*

litigant's allegations, *Phillips v. Girdich*, 408 F.3d 124, 127 (2d Cir. 2005) (citation omitted), or arguments that the submissions themselves do not "suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir.2006). *Pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g., Galiano v. Fid. Nat'l Title Ins. Co.*, 684 F.3d 309, 311 (2d Cir. 2012); *Holmes v. Grubman*, 568 F.2d 329, 335 (2d Cir. 2009); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant acted unlawfully." *Id.* A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

## B. Wilson's Factual Allegations[1]

Wilson appears to allege that he sought employment with the Department of Corrections. The narrative in Wilson's SAC begins *in medias res*, stating at the outset that Wilson was "not give[n] . . . a hearing date" (presumably by the DOC), that he filed an appeal, and that he did not hear back from the DOC for two years thereafter. SAC ¶ III(C). Wilson's opposition papers add the allegation that he "was sent a letter to report to medical at Lefrak City Queens on August 29, 2011." Pl. Br. 1. However, Wilson alleges he did not receive that letter, because he was traveling, and "would not have been back in time because of the storm called Irene we had in 2011." *Id.*; *see also* SAC ¶ III(C). Wilson adds that, upon his return, he attempted to call a "Mrs. Eanes" several times but received no response, despite his having left messages. Pl. Br. 1–2; *see also* SAC ¶ III(C).

At some point "between October 2011 or November 12, 2011," Wilson alleges, he received a phone call from defendant Lewis Schlosser.[2] Pl. Br. 2. During that phone call, Wilson alleges, Dr. Schlosser "[told] me do not respon[d] to the letter from Lefrak City Plaza for medical" and "was so arrogant when he [said] do not p[u]rsue this job no further because you

---

[1] The facts as related herein are drawn from Wilson's SAC, Dkt. 21, as well as from Wilson's letter in opposition to Defendants' motion to dismiss ("Pl. Br."), Dkt. 26. Although a court generally may not look outside the pleadings when reviewing a 12(b)(6) motion to dismiss, because a *pro se* plaintiff's allegations must be construed liberally, it is appropriate to consider factual allegations made in a *pro se* plaintiff's opposition papers, so long as the allegations are consistent with the complaint. *See, e.g., Braxton v. Nichols*, No. 08 Civ. 8568 (PGG), 2010 WL 1010001, at *1 (S.D.N.Y. Mar. 18, 2010) (collecting cases); *cf. Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (considering, in addition to the allegations in the complaint, *pro se* plaintiff's affidavit in opposition to motion to dismiss).

[2] The DOC represents that Dr. Lewis Z. Schlosser is Director of the DOC's Psychological Services Unit. *See* Def. Br. 1.

3

receive SSI.³" *Id.*; *see also* SAC ¶ III(C) ("Mr. Lewis Z. Schlosser told me do not p(u)rsue this job."). According to Wilson, Dr. Schlosser added: "But if you do pas[s] the medical and [are] still on SSI I wouldn't even give you a chance to be check[ed] for the Psychological. And as long as you [are] on SSI you will never get this job." Pl. Br. 2. During the call, Wilson states, Dr. Schlosser's tone was "very arrogant like there was going to be big problems if I keep p[u]rsuing this job of Corrections." *Id.* As a result of that conversation, Wilson states, he "felt [he] was discriminated against because of SSI." *Id.*

Finally, Wilson states, the next year, he reported to Lefrak City Plaza for his medical appointment, and "pass[ed] the medical [evaluation]." *Id.* at 3. Wilson's opposition papers do not recount any later events.

## C. Procedural History

On December 14, 2011, Wilson filed his original Complaint. Dkt. 2. On January 18, 2012, the Honorable Loretta A. Preska, United States District Judge, to whom this case was then assigned, issued an order directing Wilson to amend his complaint to comply with Federal Rule of Civil Procedure 8's pleading requirements, because his allegations were insufficient to state a plausible claim of employment discrimination. *See* Dkt. 4.

On February 23, 2012, Wilson filed an amended complaint. Dkt. 5. On March 8, 2012, this case was reassigned to this Court's docket. *See* Dkt. 6. On March 21, 2012, Wilson moved

---

³ Presumably, by SSI, Wilson is referring to Supplemental Security Income, which he states is his "main income that I have to pay rent[,] eat[,] and make sure my son eat[s]." The Supplemental Security Income Program is a program run by the United States Social Security Administration that pays benefits to adults and children with disabilities who have limited income and resources. *See* The Official Website of the U.S. Social Security Administration, *What is Supplemental Security Income?*, http://www.ssa.gov/pgm/ssi.htm (last visited March 8, 2013). Wilson does not identify the disability for which he receives Supplemental Security Income. Nor does he allege that Dr. Schlosser was aware of that disability, or how Dr. Schlosser might have become aware that Wilson received such income.

4

to amend his complaint once more; the Court granted him leave to so amend. *See* Dkt. 10. On November 5, 2012, Wilson again amended his complaint. Dkt. 21.

On November 29, 2012, Defendants moved to dismiss the SAC, Dkt. 23, and filed a memorandum of law in support of that motion ("Def Br."), Dkt. 24. In response to that motion, Wilson was given the opportunity to amend his pleading once more. On December 14, 2012, Wilson submitted his opposition to the motion by letter. Dkt. 26. On January 24, 2013, Defendants filed their reply brief ("Def. Reply Br."). Dkt. 27. On February 11, 2013, the Court received an "Affirmation" from Wilson in which he seeks to amend his Second Amended Complaint once more, to include "New York State Executive Law 296, New York City Administrative Code Laws 38-107, . . . and Civil Service Laws." Dkt. 28.

## II. Discussion

### A. Wilson's Second Amended Complaint Against the DOC Fails to State a Claim

To establish a *prima facie* case for a failure-to-hire claim under Title VII, a plaintiff must show that: (1) he is a member of a protected class; (2) he is qualified for the position he seeks; (3) he was rejected from that position; and (4) after that rejection, the employer continued to seek applicants from persons with the same qualifications as the plaintiff, or that the rejection occurred under circumstances that gave rise to an inference of discrimination in some other way. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010); *Ghosh v. N.Y.C. Dep't of Health*, 413 F. Supp. 2d 322, 332 (S.D.N.Y. 2006). Wilson has not pled facts which, if taken as true, would come close to satisfying any of these four prongs.

As to the first prong, Wilson arguably claims that DOC refused to hire him because he receives Supplemental Security Income. However, recipients of Supplemental Security Income

do not constitute a protected class. Title VII forbids an employer from "fail[ing] or refus[ing] to hire ... any individual ... because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §§ 2000e-2(a)(1). Wilson does not plead any facts that relate to his "race, color, religion, sex, or national origin." This defect alone requires dismissal.[4]

As to the second Title VII prong, Wilson has not pled any facts that could lead a factfinder to conclude that he was qualified for the position he allegedly sought. He has not alleged that he had any relevant experience or credentials for work at the Department of Corrections. Nor has he explained why his qualifications compared favorably with incumbents or applicants. In fact, Wilson does not even state precisely what position he was seeking. Wilson states only that he passed a medical examination. But Wilson has not identified a job for which satisfactory physical health, alone, renders an applicant qualified.

Nor has Wilson satisfied the third prong of a *prima facie* case of discrimination. To meet this prong, it is enough that a plaintiff allege that he applied for a position and did not receive it. *See, e.g., Gaffney v. Dep't of Info. Tech. & Telecomms.*, 536 F. Supp. 2d 445, 459–60 (collecting cases). Wilson, however, does not so allege. Missing from his submissions is any factual claim that he was in fact denied the position for which he, evidently, applied. He states merely that the

---

[4] In each iteration of Wilson's complaint, he checked a box indicating that he wished to sue under Title VII of the Civil Rights Act. Wilson's allegations as to his receipt of Supplemental Security Income, however, suggest that, conceivably, he intended to sue under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112–12117. Wilson, however, identifies no such disability, let alone that Dr. Schlosser or the DOC were aware of such a disability or that they chose not to hire Wilson on that basis. Wilson's allegations, therefore, would fail to make out a case under the ADA, which requires a showing that: (1) a plaintiff's employer is subject to the ADA; (2) the plaintiff suffers a disability within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job; and (4) he suffered some adverse employment action because of his disability. *Heyman v. Queens Vill. Comm. for Mental Health for Jamaica Cmty. Adolescent Program*, 198 F.3d 68, 72 (2d Cir. 1999). The ADA inquiry has substantial overlap with that under Title VII. *See Barnes v. CCH Corporate Sys.*, No. 01 Civ. 2575 (AKH), 2004 WL 1516791, at *4 (S.D.N.Y. July 7, 2004) (citing *Heyman*, 198 F.3d at 72).

DOC was dilatory in returning his phone calls, and that he was discouraged from pursuing the position. As Defendants therefore reasonably observe: "[I]t appears from plaintiff's opposition that plaintiff has not even been disqualified from consideration, and that his candidacy for a position with defendant DOC may still be pending." Def. Reply Br. 2. Furthermore, Wilson alleges that he undertook the medical examination *after* his dispiriting phone conversation with Dr. Schlosser. If so, it appears Wilson continued to pursue his candidacy despite Dr. Schlosser's discouragement. Wilson does not allege that, at any point after passing his physical, he received negative feedback, let alone a negative outcome. Wilson thus has not shown any adverse employment action.

Finally, as to the fourth prong, Wilson has pled virtually no facts that give rise to an inference of discrimination. Wilson does not allege that he is a member of any protected class; that the position was offered to a similarly qualified person outside of that class, *see Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 98 (2d Cir. 2001); *Gaffney v. Dep't of Health*, 536 F. Supp. 2d 445, 462 (S.D.N.Y. Mar. 5, 2008) (citing *McDonnell Douglas Corp.*, 411 U.S. at 802); or any alternative basis for inferring discrimination.

To be sure, to survive a motion to dismiss, a plaintiff need not allege specific facts establishing a *prima facie* case of employment discrimination. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002); *see also Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010). The elements of a *prima facie* case do, however, "provide an outline of what is necessary to render [a plaintiff's employment discrimination] claims for relief plausible." *Sommersett v. City of N.Y.*, No. 09 Civ. 5916 (LTS) (KNF), 2011 WL 2565301, at *5 (S.D.N.Y. June 28, 2011). Courts therefore "consider these elements in determining whether there is sufficient factual matter in the complaint which, if true, gives Defendant a fair notice of

7

Plaintiff's claim and the grounds on which it rests." *Murphy v. Suffolk Cnty. Cmty. Coll.*, No. 10 Civ. 0251 (LDW)(AKT), 2011 WL 5976082, at *5 (E.D.N.Y. Nov. 29, 2011). Here, however, Wilson has not met this test. Despite having been given several opportunities to amend his complaint, he has not alleged facts sufficient to "nudge [his] claim[] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547. Wilson's allegations are woefully vague, devoid of any particularity, and plead no factual matter that comes close to alleging a plausible case of employment discrimination. They are, in fact, a paradigmatic example of an "unadorned, the-defendant-unlawfully-harmed-me accusation" that "will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Wilson's complaint fails to state a claim, the motion to dismiss his claims against the DOC is granted.

## B. Wilson's Second Amended Complaint Against Dr. Schlosser Fails to State a Claim

For much the same reasons, Wilson's claims against Dr. Schlosser are fatally defective. Those claims also fail for another reason: Individual defendants are not personally liable under Title VII. *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). As it happens, Wilson's complaint does not even allege that Dr. Schlosser had the power to hire or terminate him, but even if he had such power, he would not be subject to individual liability under Title VII. *Tomka*, 66 F.3d at 1313; *Copeland v. Rosen*, 38 F. Supp. 2d 298, 302 (S.D.N.Y. 1999) ("[I]ndividual employees may not be held personally liable under Title VII, even if they are supervisory personnel with the power to hire and fire other employees.").

8

### C. Wilson's Motion to Amend

After briefing on this motion was complete, Wilson submitted to the Court a document styled as an "Affidavit" that the Court construes as a motion to amend his complaint again, to add claims under what the Court takes to be the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. §§ 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8–101, as well as an unspecified law contained within the New York Civil Service Laws. *See* Dkt. 28. Federal Rule of Civil Procedure 15(a)(2) states that a party that has already used or foregone its one "matter of course" amendment, and does not have the opposing party's consent for a new amendment, may amend its pleading only with the "court's leave," which the court should "freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts should grant leave to amend in the absence of factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

Wilson's motion to amend is denied. Wilson has had three opportunities to amend his original complaint. None resulted in a complaint that was materially different, or came close to stating a claim. And Wilson's proposed amendment, in adding two new state-law claims but no additional facts, would not survive a motion to dismiss, and thus would be futile. *See Parker v. Columbia Pictures Indus., Inc.*, 204 F.3d 326, 339 (2d Cir. 2000) (Sotomayor, J.) ("Where the amended portion of the complaint would fail to state a cause of action, however, the district court may deny the party's request to amend."). As to Wilson's proposed NYSHRL claims, "claims brought under New York State's Human Rights Law are analytically identical to claims brought

9

under Title VII." *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 107 n.10 (2d Cir. 2011) (citation omitted). Thus, because Wilson's Title VII claims fail, so too must his NYSHRL claims be dismissed. And as to both sets of proposed new state-law claims, with no federal claim remaining in the case, the Court would have no basis to exercise subject-matter jurisdiction over this case. *See* 28 U.S.C. § 1367(c)(3). The Court, therefore, denies Wilson's motion for leave to amend his complaint.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Wilson's Second Amended Complaint is granted, and Wilson's motion to amend his Second Amended Complaint is denied. The Clerk of Court is directed to terminate the motions at docket numbers 23 and 28, and to close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: March 8, 2013
New York, New York

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge